## David Cohen v. James M. Van Sickle.

1.   VERDICTS—*Upon Conflicting Evidence.*—A verdict of a jury upon conflicting evidence must be considered as a final end of the controversy.

2.   INSTRUCTIONS—*Repetition.*—It is not error to refuse an instruction which is plainly contained in other instructions given.

**Assumpsit,** for labor and materials furnished.   Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.   Heard in this court at the November term, 1895. Affirmed.   Opinion filed May 16, 1896.

KIMBROUGH & MEEKS, attorneys for appellant.

D. D. EVANS and WILL BECKWITH, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for six hundred dollars for a hot water heating apparatus with boiler and attachments, radiators, pipes, fittings, etc., furnished by appellee to appellant for use in his dwelling house.

The contract price was six hundred and seventy-five dollars. It was found that the heater first put in had not sufficient capacity and it was replaced by another of the same kind two sizes larger.

According to the testimony of the appellee, with this change everything was done according to the contract except the painting and bronzing. This he was willing to do, and sent a painter to the house for that purpose, but as the evidence tends to show, the wife of the appellant objected to having the work done and the painter went away.

The evidence shows that for what was furnished the sum of six hundred dollars would be a fair price.

The contention of appellant was that the apparatus would not heat the house according to contract, and on this point the evidence was conflicting.

That offered by appellee was to the effect that the apparatus was properly constructed and that when fires were maintained according to the printed directions referred to in the contract the specified heat was produced. That offered by appellant was to the contrary.

The jury might have found either way perhaps, but it is quite clear that according to well settled rules we ought not to disturb the verdict. We are inclined to the opinion the contract was substantially complied with, and that with proper firing the apparatus was sufficient.

The difficulty, perhaps, was that more attention to the fire and the use of more coal were required than appellant expected, especially in severe weather.

This disposed of the main question in the case.

Appellant complains that the second and third instructions for appellee are faulty, but no special objections are pointed out and upon reading them in the light of the testimony we find nothing objectionable.

Appellant also complains of the refusal to give an instruction referred to but not set out in the brief. Turning to the abstract we find that the substance of the refused instruction is plainly contained in others that were given.

It is not necessary to repeat a proposition—indeed it is bad practice to do so. No other errors are urged in the brief. The judgment is affirmed.